UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 14-44407-705 |
| | ) | Honorable Charles E. Rendlen, III |
| **UNIVERSITY HEMATOLOGY** | ) | Chapter 11 Proceeding |
| **ONCOLOGY, INC.** | ) | |
| | ) | **MOTION FOR ORDER** |
| Debtor. | ) | **AUTHORIZING SALE OF** |
| | ) | **PERSONAL PROPERTY FREE AND** |
| | ) | **CLEAR OF LIENS, CLAIMS AND** |
| | ) | **ENCUMBRANCES** |
| | ) | |
| | ) | Hearing Date:  October 1, 2014 |
| | ) | Hearing Time:  10:00 a.m. |
| | ) | Hearing Location: Courtroom 7 South |
| | ) | Response Date: |
| | ) | |
| | ) | Robert E. Eggmann, Esq. |
| | ) | Danielle Suberi, Esq. |
| | ) | Desai Eggmann Mason LLC |
| | ) | 7733 Forsyth Boulevard, Suite 2075 |
| | ) | St. Louis, Missouri  63105 |
| | ) | (314) 881-0800 |
| | ) | reggmann@demlawllc.com |
| | ) | dsuberi@demlawllc.com |

**MOTION FOR ORDER AUTHORIZING SALE OF PERSONAL
PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

Comes now University Hematology Oncology, Inc. (the "**Debtor**"), by and through counsel, and submits this *Motion For Order Authorizing Sale of Personal Property Free and Clear of All Liens, Claims, and Encumbrances* (the "**Sale Motion**").  In support of the Motion, Debtor respectfully states as follows:

**BACKGROUND**

1. On May 30, 2014, (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established in this Chapter 11 case.

3. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 1334, 28 U.S,C. §157(a), (b)(1), (b)(2)(A), and 11 U.S.C. § 363. This is a "core" proceeding under 28 U.S.C. §157(b)(2)(A).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor operates a medical practice that provides care for cancer patients. The Debtor has operated in the St. Louis area since 1980.

6. Debtor owns certain personal property consisting office equipment, furnishings and medical equipment (the "Personal Property"). An itemized list of the Personal Property that is the subject of this Motion is attached hereto as **Exhibit 1** and incorporated herein by reference.

7. Prior to the Petition Date, Debtor closed three practice locations and now seeks to sell superfluous office equipment and furnishings.

8. Debtor has reached an agreement with Cancer Care Specialists of Central Illinois, S.C. (the "**Prospective Buyer**") to purchase the Personal Property for $4,500.00 pursuant to the terms of a Purchase Agreement. See **Exhibit 1**.

9. Debtor does not believe that any creditor claims an interest in the Personal Property, and as such, no liens would attach to the sale proceeds.

10. By this Motion, the Debtor seeks entry of an Order (the "**Sale Order**") following a hearing on **October 1, 2014** at **10:00 a.m.** (the "Sale Hearing") authorizing Debtor to sell the Personal Property to the Prospective Buyer pursuant to the Purchase Agreement free and clear of all liens, claims and encumbrances or, alternatively, in the event that the Court approves a higher and better offer from a party not affiliated with the Prospective Buyers, approving the sale of the Personal Property to such other party.

2

## BACKGROUND ON PURCHASE AGREEMENT

11. The offer submitted by Prospective Buyer for the Personal Property is the highest and best of the proposals received by the Debtor.

12. The sale of the Personal Property to Prospective Buyer under the Purchase Agreement is the product of substantial negotiations between the parties. The Personal Property consists of basic, used office furnishings and medical equipment.

13. The proposed sale has been negotiated at arms-length and constitutes a good faith offer to purchase in accordance with Section 363(m) of the Bankruptcy Code.

14. The Closing of the proposed Sale is to occur only after the Bankruptcy Court approves the sale after notice and a hearing as required by Section 363 of the Bankruptcy Code and Bankruptcy Rule 2002(a).

## SALE OF ASSETS UNDER SECTION 363 OF THE BANKRUPTCY CODE

15. The Movant requests that the Court authorize the sale of the Personal Property pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims and encumbrances.

16. Debtor does not believe any creditor claims an interest in the Personal Property. As such, no liens, claims and encumbrances will attach to the sale proceeds.

17. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business, after notice and a hearing. A sale of assets outside the ordinary course of business is a matter within the Court's discretion. *In re Channel One Comm., Inc.,* 117 B.R. 493, 496 (E.D. Mo. 1990); *In re Apex Oil Co.,* 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

18. Debtor has determined that, in its business judgment, the Sale of the Personal Property to Prospective Buyer in accordance with the terms of the Purchase Agreement (or to

3

another bidder making a higher and better offer for the Personal Property) is in the best interest of Debtor's Chapter 11 estate and its creditors. The Proposed Sale of the Personal Property is for fair and reasonable consideration, is in good faith, does not unfairly benefit any insiders or creditors of the Debtor, and will maximize the value of the Debtor's estate.

## SALE FREE AND CLEAR OF ALL LIENS

19. Section 363(f) of the Bankruptcy Code authorizes a debtor to use, sell or lease property of the estate outside of the ordinary course of business free and clear of any interest in such property. Under the Proposed Sale, the Personal Property is to be sold free and clear of all liens, claims and encumbrances with any such liens. Debtor does not believe any creditor claims an interest in the Personal Property. As such, no liens, there are no claims and encumbrances to attach to the net sale proceeds. Alternatively, in the event that another bidder makes a higher and better offer for the Personal Property, the Personal Property will be sold to such party free and clear of all liens, claims and encumbrances with any such liens, claims and encumbrances to attach to the net sale proceeds with the same validity, priority, force and effect that such liens, claims and encumbrances had on such assets prior to the closing of the transaction.

## WAIVER OF RULE 6004(h) PERIOD

20. To facilitate a prompt closing of the sale, Debtor request that the time period set forth in Bankruptcy Rule 6004(h) be waived and that the order approving the sale hereunder be immediately final.

WHEREFORE the Debtor hereby respectfully requests entry of a Sale Order following the Sale Hearing authorizing the Debtor (i) to sell the Personal Property to Prospective Buyer pursuant to the Purchase Agreement, (ii) take each of those steps outlined in the Purchase Agreement to close on the sale of the Personal Property, and (iii) to allow Debtor to deposit the sale proceeds as outlined in this Motion, (iv) to waive the time period set forth in Bankruptcy

4

Rule 6004(h) and allow the Sale Order to be immediately final, and (v) for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DESAI EGGMANN MASON LLC

By: /s/ *Danielle Suberi*
    ROBERT E. EGGMANN #37374MO
    DANIELLE SUBERI #59688MO
    7733 Forsyth Boulevard, Suite 800
    St. Louis, Missouri  63105
    (314) 881-0800
    Fax No. (314) 881-0820
    reggmann@demlawllc.com
    dsuberi@demlawllc.com

ATTORNEYS FOR DEBTOR

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, that UNIVERSITY HEMATOLOGY ONCOLOGY, INC., an Missouri corporation ("Seller"), for and in consideration of the sum of Four Thousand Five Hundred Dollars ($4,500.00) and other good and valuable consideration, in hand paid, grant, bargain, sell and deliver unto to CANCER CARE SPECIALISTS OF CENTRAL ILLINOIS, S.C., an Illinois medical corporation ("Buyer"), all of the following goods, chattels and properties:

All the assets listed **Exhibit A** attached hereto and incorporated herein.

TO HAVE AND TO HOLD the aforesaid goods, chattels and property unto Buyer, its successors and assigns, to and for its proper use forever.

AND Seller does vouch to be the true and lawful owner of the aforesaid goods, chattels and property and have in them the full power, good right and lawful authority to dispose of the same.

AND Seller, its successors and assigns covenant and agree to and Buyer to warrant and defend the said goods, chattels and property to the Buyer, its successors and assigns against the lawful claims and demands of all and every person and persons herewith.

DATED: As of _____, 2014.


UNIVERSITY HEMATOLOGY
ONCOLOGY, INC., an Missouri
corporation

By: _____
      Shabbir H. Safdar, M.D.

Its: President

Page **1** of **4**



STATE OF ILLINOIS    )
                                   ) SS.
COUNTY OF _____  )

      I, _____, a Notary Public in and for said County in the State aforesaid, do hereby certify that Shabbir H. Safdar, M.D., personally known to me to be the same person whose name is subscribed to the foregoing instrument, individually and as the President of UNIVERSITY HEMATOLOGY ONCOLOGY, INC., an Missouri corporation, appeared before me this day in person and acknowledged that he, being thereunto duly authorized, signed and delivered the said instrument as the free and voluntary act of said company and as his own free and voluntary act, for the uses and purposes therein set forth.

      Given under my hand and Notarial Seal, this \_\_\_\_ day of _____, 2014.

My Commission Expires: _____    _____
                                                                                 Notary Public

# EXHIBIT A
## (Bill of Sale)
## List of Tangible Property Being Purchased

## Centralia Location

| Front Research Office | 5 Drawermetal file Cabinet |
|---|---|
| Lab | Draw Chair - Blue Padded |
| | Table - wooden |
| | Task Chair - Blue Fabric |
| Hallway | 2 High Task Chairs for Doctors Workstation |
| Front Office - | 2 Drawer Lateral Metal File Cabinet under desk |
| Exam Room | Ritter 104 Tan Exam Table |
| Doctors Office | Desk Unit, Book Case, 2 Drawer File Cabinet |
| Infusion Room | Wood Top 4 person Table |
| | Hospital Bed, TV, Leather Wing Back Chair, End Table (Everything in Private Room) |
| Throughout Office | 17 Black Mesh Chairs without Wheels |
| | 7 Black Mesh Chairs With Wheels |

## Swansea Location

| Infusion Room - | Hospital Bed |
|---|---|
| | 1 Hydraulic Stool - Without Back |
| | TV mount |
| Nursing Station / Mixing Room - | Medication Refrigerator - Full Sized |
| | 3-drawer Black & Brown Wooden File Cabinet |
| | 2 Drawer Wooden File Cabinet Under Nursing Station |
| File Room - | 1 Hydraulic Stool - Without Back |
| Front Office - | 1  2-Drawer File Cabinet - Gray Wooden |
| | 1  4-Drawer File Cabinet - Gray Wooden |
| | 1  Black Executive High Back Chair |
| Reception Area | 21 Chairs |
| | 2  End Tables |
| | 1 Coffee Table |
| | TV |
| Lab | Centrifuge |
| | Padded Draw Chair |
| | Plastic Draw Chair |
| | Small Table by Door Way |
| | 1 Hydraulic Stool - Without Back |
| | Dorm Sized Refrigerator |

Page 3 of 4

| | |
|---|---|
| Exam Rooms | 5 - Welch / Allen BP and Scopes |
| | 1 Hydraulic Stool withouth Back |
| Exam Room 1 | 3 - Blue Vinyl Covered Chairs |
| Exan Room 2 | 1 - Blue Vinyl Covered Chair |
| Break Room | Refrigerator - Full Sized |
| Conference Room | 2 Vertical Door Medication Cabinet |
| | 3 Drawer Metal File Cabinet |
| | |
| **PHONES - Swansea** | **Toshiba Strata PHONE SYSTEM PLUS PATCH PANELS PLUS 7 PHONES** |