**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| In re: | ) | Case No. 14-44407-705 |
| | ) | Honorable Charles E. Rendlen, III |
| UNIVERSITY HEMATOLOGY | ) | Chapter 11 Proceeding |
| ONCOLOGY, INC. | ) | |
| | ) | |
| Debtor. | ) | Motion No. 98 |

**AGREED ORDER AND STIPULATION BETWEEN DEBTOR AND MCKESSON**
**SPECIALTY CARE DISTRIBUTION CORPORATION GRANTING DEBTOR'S MOTION**
**TO SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND**
**ENCUMBRANCES**

Upon Debtor University Hematology Oncology, Inc.'s ("**Debtor**") Motion to Sell Personal Property Free and Clear of Liens, Claims and Encumbrances (the "**Motion**"), Debtor and McKesson Specialty Care Distribution Corporation herewith stipulate and agree to the following:

1.      This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A), and 11 U.S.C. § 363. This is a "core" proceeding under 28 U.S.C. §157(b)(2)(A).

2.      Appropriate notice of the hearing on the Motion was provided to creditors and parties in interest as required under Rule 4001(b)(3) of the Federal Rules of Bankruptcy Procedure.

3.      On May 30, 2014, (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

4.      No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established in this Chapter 11 case.

5.      The Debtor operates a medical practice that provides care for cancer patients. The Debtor has operated in the St. Louis area since 1980.

6.      Debtor owns certain personal property consisting office equipment, furnishings and medical equipment (the "Personal Property").   An itemized list of the Personal Property that is the subject of this Motion is attached hereto as **Exhibit 1** and incorporated herein by reference.

7.      Debtor reached an agreement with Cancer Care Specialists of Central Illinois (the "**Prospective Buyer**") to purchase the Personal Property for $4,500.00 pursuant to the terms of a Purchase Agreement.   *See* **Exhibit 1**.

8.      The proposed sale has been negotiated at arms-length and constitutes a good faith offer to purchase in accordance with Section 363(m) of the Bankruptcy Code.

9.      McKesson Specialty Care Distribution Corporation ("**McKesson**") holds a valid, properly perfected lien upon and security interest in, among other things, the Personal Property.

NOW THEREFORE, the relief requested in the Motion is GRANTED in that:

(a)      Debtor is authorized to sell the Personal Property listed in Exhibit "A" of the Motion and attached hereto (the "Personal Property") to Cancer Care Specialists of Central Illinois pursuant to Sections 363(b) and (f) of the Bankruptcy Code free and clear of all liens, claims and encumbrances to the highest bidders;

(b)      Under Section 363(f) of the Bankruptcy Code, a sale free and clear of liens is permissible if, among other things, (i) the secured lienholders consent or (ii) applicable nonbankruptcy law permits such a sale.  In this case, the Debtor's senior secured lender McKesson will receive the sale proceeds of $4,500.00 upon closing of the transaction in exchange for its consent to the sale of the Personal Property free and clear of McKesson's liens and interests;

(c)      In the event the Debtor's property, including the Personal Property, is also subject to liens of various other entities, then the Personal Property shall be sold free and clear of such other liens and interests, pursuant to Section 363(f) of the Bankruptcy Code, because the value of the property is insufficient to satisfy the Debtor's obligations to its McKesson in full

(d)     The Personal Property shall be transferred to Cancer Care Specialists of Central Illinois free and clear of any liens, claims and interests pursuant to 11 U.S.C. § 363, and McKesson's lien, claims, interests and encumbrances shall attach to the proceeds of the sale to the extent permissible under Section 363(f) of the Bankruptcy Code and as governed by the Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection to McKesson Specialty Care Distribution Corporation, a copy of which is attached hereto and incorporated herein as **Exhibit 2**;

(e)     All persons and entities, including, but not limited to, the Debtor, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, contract counterparties, customers, landlords, licensors, employees, litigation claimants and other persons, holding any lien or claim or encumbrance of any kind or nature whatsoever against or in the Debtor or the Debtor's interest in the Personal Property (whether known or unknown, legal or equitable, matured or un-matured, contingent or non-contingent, liquidated or unliquidated, asserted or un-asserted, whether arising prior to or subsequent to the commencement of this Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise), arising under or out of, in connection with, or in any way relating to, the Debtor, the Personal Property, the operation of the Debtor's business before the transfer of the Debtor's interest in the Personal Property  to Cancer Care Specialists of Central Illinois, shall not assert, prosecute or otherwise pursue claims against Cancer Care Specialists of Central Illinois, its property (including, without limitation, the Personal Property), its successors and assigns or affiliates, or interfere with Cancer Care Specialists of Central Illinois's title to, use or enjoyment of the Personal Property;

(f)     The holders of any lien, claim and interest against the Debtor, its estate, or the Personal Property who did not object, or who withdrew their objections to the Motion are deemed to have consented thereto pursuant to Section 363(f)(2) of the Bankruptcy Code;

(g)     The Debtor is authorized and directed to take all actions and to execute any documents necessary or appropriate to close the sale transaction;

3

(h)     Cancer Care Specialists of Illinois is directed to send the sale proceeds in the amount

of $4,500.00 to McKesson and McKesson is authorized to deposit the sale proceeds;

(i)     This Order shall be effective immediately upon entry as contemplated under Federal

Rules of Bankruptcy Procedure 6004(g);

(j)     The Debtor shall serve a copy of this Order, and is directed to file a certificate of

service no later than two (2) business days after service.

DATED: **October 1, 2014**
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

So agreed:

| | |
|---|---|
| DESAI EGGMANN MASON LLC | THE LAW OFICES OF JUDITH W. ROSS |
| By:/s/ *Danielle Suberi* | By:/s/NeilJ.Orleans_____ |
| ROBERT E. EGGMANN (#37374MO) | NEIL J. ORLEANS, Esq. |
| DANIELLE SUBERI (#59688MO) | 700 N. Pearl Street, Suite 1610 |
| 7733 Forsyth Boulevard, Suite 2075 | Dallas, Texas 75201 |
| St. Louis, Missouri  63105 | (214) 377-7879 |
| (314) 881-0800 | Fax No. (214) 377-9409 |
| Fax No. (314) 881-0820 | Admitted Pro Hac Vice |
| reggmann@demlawllc.com | |
| dsuberi@demlawllc.com | ATTORNEY  FOR  MCKESSON  SPECIALTY |
| ATTORNEYS FOR DEBTORS | CARE DISTRIBUTION |

Order Prepared By:
Danielle Suberi
Desai Eggmann Mason LLC
7733 Forsyth Boulevard, Suite 2075
St. Louis, Missouri 63105
(314) 881-0800
(314) 881-0820

4